UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTWON SWAIN,

   Plaintiff,

v.

CREDIT ONE BANK, N.A.,

   Defendant.

_____/

CASE NO.:

## COMPLAINT

COMES NOW, Plaintiff, Antwon Swain, by and through the undersigned counsel, and sues Defendant, CREDIT ONE BANK, N.A., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like CREDIT ONE BANK, N.A. from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

### JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in DeKalb County, Georgia. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Georgia, residing in DeKalb County, Georgia.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, CREDIT ONE BANK, N.A., is a federally insured bank with its principal place of business located at 585 Pilot Road, Las Vegas, NV 89119.

11. CREDIT ONE BANK, N.A. texted Plaintiff approximately one hundred (100) times since October of 2016.

12. Upon information and belief, some or all of the automated texts CREDIT ONE BANK, N.A. made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that his knew it was an autodialer because of the vast number of texts he received from CREDIT ONE BANK, N.A. which were automated texts to advise of account balance.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (404) ***-8494, and was the recipient of Defendant's texts.

14. Beginning in or about October of 2016, CREDIT ONE BANK, N.A. began bombarding Plaintiff's cellular telephone (404) ***-8494 in an attempt to update the Plaintiff of his balance on the account.

15. On or about October 19, 2016, due to the ceaseless barrage of automated texts from Defendant, Plaintiff called Defendant at or about 3:30 p.m. and was connected to a live agent/representative of Defendant. Plaintiff stated he did not have an account with Defendant and demanded they cease placing texts to his aforementioned cellular telephone number.

16. Again, on or about October 24, 2016, due to the continued texts from Defendant, Plaintiff called Defendant at or about 2:41 p.m. and was connected to a live agent/representative of Defendant. Plaintiff advised the agent/representative of Defendant that he was receiving text messages from them and doesn't have an account with them. Defendant's agent/representative took Plaintiff personal information and confirmed that there were not any accounts registered to his name. Plaintiff then demanded

Defendant to cease placing texts to his aforementioned cellular telephone number.

17. Again, on or about October 31, 2016, due to the ceaseless barrage of automated texts from Defendant, Plaintiff called Defendant at or about 2:56 p.m. and was connected to a live agent/representative of Defendant. Plaintiff stated he did not have an account with Defendant and demanded they cease placing texts to his aforementioned cellular telephone number.

18. Again, on or about November 2, 2016, due to the ceaseless barrage of automated texts from Defendant, Plaintiff called Defendant at or about 2:59 p.m. and was connected to a live agent/representative of Defendant. Plaintiff stated he did not have an account with Defendant and demanded they cease placing texts to his aforementioned cellular telephone number.

19. Finally, on or about December 7, 2016, due to the continued texts from Defendant, Plaintiff called Defendant at or about 1:23 p.m. and was connected to a live agent/representative of Defendant. Plaintiff demanded the agent/representative of Defendant stop texting his aforementioned cellular telephone number.

20. During the aforementioned phone conversation with Defendant's agent/representative on or about October 19, 2016, Plaintiff expressly revoked any express consent Defendant may have had for placement of automated text messages to Plaintiff's aforementioned cellular telephone number.

21. Each subsequent text the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

22. Each subsequent text the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

23. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, texting the Plaintiff despite not having his express consent to text his aforementioned cellular telephone number.

24. From about October of 2016 through the filing of this Complaint, Defendant has sent approximately one hundred (100) texts to Plaintiff's aforementioned cellular telephone number.

25. CREDIT ONE BANK, N.A.'s corporate policy is structured so as to continue to text individuals like Plaintiff, despite these individuals explaining to CREDIT ONE BANK, N.A. they do not wish to be texted.

26. CREDIT ONE BANK, N.A. has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

27. CREDIT ONE BANK, N.A. has had numerous complaints against it from consumers across the country asking to not be texted, however Defendant continues to text these individuals.

28. CREDIT ONE BANK, N.A.'s corporate policy provided no means for Plaintiff to have Plaintiff's number removed from CREDIT ONE BANK, N.A. text list.

29. CREDIT ONE BANK, N.A. has a corporate policy to harass and abuse individuals despite actual knowledge the texted parties do not wish to be texted.

30. Not one of CREDIT ONE BANK, N.A.'s automated texts placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

31. CREDIT ONE BANK, N.A. willfully and/or knowingly violated the TCPA with respect to Plaintiff.

32. From each and every text placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

33. From each and every text placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For unanswered texts, Plaintiff had to waste time to unlock the phone and deal with missed text notifications that reflect the unwanted texts. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

34. Each and every text placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For unanswered texts, Plaintiff had to waste time to unlock the phone and deal with missed text notifications that reflected the unwanted texts. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

35. Each and every text placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

36. Each and every text placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

37. As a result of the texts described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress and aggravation.

## COUNT I
### (Violation of the TCPA)

38. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

39. CREDIT ONE BANK, N.A. willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer texts made to Plaintiff's cellular telephone after Plaintiff notified CREDIT ONE BANK, N.A. that Plaintiff wished for the texts to stop

40. CREDIT ONE BANK, N.A. repeatedly placed non-emergency text messages to Plaintiff's cellular telephone using an automatic telephone

dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CREDIT ONE BANK, N.A. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ 

_____
Octavio Gomez, Esquire
Georgia Bar No.: 617963
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Fax: (813) 223-5402
Primary Email: TGomez@ForThePeople.com
Secondary Email: LDobbins@ForThePeople.com
*Attorney for Plaintiff*